UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JANET PARRISH                                                                    PLAINTIFF

V.                              NO. 1:18-CV-00074-BD

NANCY BERRYHILL, Acting Commissioner                          DEFENDANT
Social Security Administration

## ORDER

**I.     Background:**

On January 11, 2016, Janet Parrish applied for disability benefits, alleging disability beginning on December 24, 2011. (Tr. at 16) Ms. Parrish's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Parrish's application. (Tr. at 31) Ms. Parrish requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the Commissioner's final decision. Ms. Parrish filed this case seeking judicial review of the decision denying her benefits.[1]

**II.    The Commissioner's Decision:**

The ALJ found that Ms. Parrish had not engaged in substantial gainful activity since the alleged onset date, December 24, 2011.[2]  (Tr. at 43) At step two of the five-step

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

[2] Ms. Parrish worked on an off through 2016 but her work did not rise to the level of substantial gainful activity. (Tr. at 19).

1

analysis, the ALJ found that Ms. Parrish had the following severe impairments: degenerative disc disease (DDD), fibromyalgia, history of cannabis abuse, bipolar disorder, anxiety disorder, history of asthma, and panic disorder without agoraphobia. *Id.*

After finding that Ms. Parrish's impairments did not meet or equal a listed impairment (Tr. at 19-20), the ALJ determined that Ms. Parrish had the residual functional capacity (RFC) to perform work at the light exertional level, with some additional limitations. (Tr. at 21) She could perform simple, routine, and repetitive work where the supervision required is simple, direct, and concrete. *Id.* She could have frequent contact with co-workers and supervisors, but no more than occasional contact with the public. *Id.*

The ALJ found that Ms. Parrish was able to perform her past relevant work as a cashier. (Tr. at 29-30) The ALJ made an alternative finding at step five. He relied on the testimony of a Vocational Expert (VE) to find, based on age, education, work experience and RFC, that Ms. Parrish could perform work in the national economy as housekeeper and document machine feeder. (Tr. at 31) The ALJ determined, therefore, that Ms. Parrish was not disabled. *Id.*

### III. Discussion:

    A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole.

*Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Parrish's Arguments on Appeal

Ms. Parrish maintains that the ALJ's decision to deny benefits is not supported by substantial evidence. She argues that the ALJ did not fully consider all of her impairments, that the RFC did not incorporate all of her limitations, and that the ALJ should have further developed the record.

While Ms. Parrish complained of neck and back pain, a cervical MRI showed only minor degenerative changes with no right-side stenosis or disc herniation. (Tr. at 457) Objective tests showing mild-to-moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Ms. Parrish saw both a chiropractor and pain management specialist; and she took prescription medication for pain. (Tr. at 440-444, 483-491) In October of 2015, the pain management specialist noted that Ms. Parrish's medications were effective with no side effects. (Tr. at 491) He also stated that she could perform daily activities with pain medication. *Id*. At that time,

Ms. Parrish had negative straight-leg raise and normal strength, tone, and coordination. (Tr. at 497)

Ms. Parrish's medical records further reveal that her doctor prescribed weight loss (Tr. at 498) and that she experienced 80% pain relief from medial branch blocks. (Tr. at 487) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Indeed, Ms. Parrish agreed that she could perform tasks such as cooking meals, cleaning, and doing laundry. She attended bible study, shopped in stores, made jewelry, and sewed. (Tr. at 344-347) Daily activities such as these undermine Ms. Parrish's claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995) She also continued to work, at least part-time, until 2016. (Tr. at 70) Working generally demonstrates an ability to perform a substantial gainful activity and is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994)

As for mental impairments, Ms. Parrish did seek treatment for anxiety, depression, and bipolar disorder in 2014. (Tr. at 416-434) In April of 2014, however, Ms. Parrish reported that her medication was working and that she looked forward to being involved in bible study. (Tr. at 433) Four months later, she reported being very happy with a new part-time job. (Tr. at 434)

Mark Cates, Ph.D., conducted a mental examination of Ms. Parrish in March of 2015. (Tr. at 446) He noted that she was obtaining the evaluation for disability purposes.

*Id*. He opined that Ms. Parrish was over-reporting her pathology. (Tr. at 447) Evidence of malingering supports an ALJ's discounting a claimant's complaints. *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). When Dr. Cates suggested a referral for counseling, Ms. Parrish declined. *Id*. A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005)

Mental status examinations were normal at three visits in 2016 and 2017, and Ms. Parrish was treated conservatively with therapy and medication management. (Tr. at 512-524, 630-635) Ms. Parrish's counselor completed a medical source statement in 2017 and noted that Ms. Parrish's prognosis was good given recent improvement. (Tr. at 630) She found that, for the most part, Ms. Parrish would be able to perform unskilled work, and opined that she would miss only one day of work per month. (Tr. at 632-634) This counselor's opinion dovetails with the opinions of the state-agency consultants who found Ms. Parrish capable of unskilled work. (Tr. at 123, 149)

The ALJ properly considered all of Ms. Parrish's impairments. He found several to be severe at step two and fully discussed Ms. Parrish's subjective symptoms, activities of daily living, minimal objective findings, and physician's opinions. *See Mapes v. Chater*, 82 F.3d 259, 264 (8th Cir. 1996) (ALJ sufficiently considered impairments in combination when he discussed relevant factors and concluded they did not prevent claimant from working).

Furthermore, the RFC fully incorporated Ms. Parrish's limitations. A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations; and it must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, giving appropriate consideration to all impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). In this case, objective findings were mild; clinical examinations were mostly normal; Ms. Parrish could perform activities of daily living; and she improved over the relevant time period. The RFC assigned by the ALJ was supported by the record as a whole.

Likewise, because the record reflected mild conditions that improved over time, the ALJ did not need to obtain additional consultative examinations. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). That said, a claimant has the burden of proving her disability; and the ALJ does not have to act as her counsel. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). There is ample medical evidence in this record that is internally consistent. Thus, the ALJ made his decision based on a fully developed record.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered all of Ms. Parrish's impairments in combination, and the RFC fully incorporated all of her limitations. Furthermore, the ALJ based his decision on a fully developed record. The finding that Ms. Parrish was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. The case is dismissed, with prejudice.

IT IS SO ORDERED this 2nd day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE